**Provident Life & Trust Company of Philadelphia et al., Defendants in Error, v. Wyndham Vyvyan Miln and Malcolm Miln, by Louise Kyle, Guardian, et al., Plaintiffs in Error.**

**Gen. No. 22,988.   (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed December 17, 1917.

### Statement of the Case.

Bill by the Provident Life & Trust Company of Philadelphia, a corporation, J. Roberts Foulke, as trustee, and J. Barton Townsend, successor in trust, complainants, against Wyndham Vyvyan Miln and Malcolm Miln, by Louise Kyle, their guardian, and others, defendants, to. foreclose a trust deed on certain real estate.   From a decree of foreclosure, defendants bring error.

WILSON & MAY, for plaintiffs in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendants in

error; CHARLES L. BARTLETT and SHERMAN C. SPITZER, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. TRUSTS, § 180*—*when mortgagee may rely upon record of decree as to right of trustee to borrow money on security of realty.* While a corporation mortgagee loaning money to a trustee of an estate is required to know the scope of her authority in so far as it relates to the borrowing of money on the security of the real estate held by her as trustee, yet where specific authority to borrow money in such a manner is given by a decree of court to which the mortgagee was not a party, it may rely upon the authority given the trustee as apparent from the decree.

2. TRUSTS, § 171*—*when court retains jurisdiction to enter orders or decree after appointment of trustee.* Where a decree of a court having jurisdiction of the persons and subject-matter appointing a trustee confers upon such trustee the power to borrow money on the security of the real estate, and preserves to him the privilege of asking the advice of the court from time to time in the administration of the trust estate for that purpose, it retains jurisdiction thereafter to enter any proper order or decree in the administration of the trust estate.

3. TRUSTS, § 155*—*when decree authorizing payment of money by trustee is not improvident.* A decree authorizing a trustee of an estate to borrow money cannot be deemed improvident in that it provides means for the payment of indebtedness which the parents of the minor children, which children were remaindermen, had properly incurred in the support and education of the minors.

4. JUDGMENT, § 366*—*when presumed that decree in another case was based upon sufficient facts.* It will be presumed on appeal, in a suit to foreclose a trust deed, that a decree in another case authorizing the trustee to borrow money on security of the real estate and to pay certain indebtedness was based upon sufficient facts.

5. JUDGMENT—*when decree cannot be collaterally attacked.* Where money is loaned by a corporation in good faith to a trustee and a trust deed taken to real estate as security in reliance on a decree of the court authorizing such acts on its face, the validity of such transaction cannot be collaterally attacked, especially in the absence of fraud in procuring the decree under which the trust deed is executed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.